Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered January 10, 2013, which denied plaintiffs motion for summary judgment against defendant New York Spine Specialists (NYSS) and for a default judgment against the nonappearing defendants, and granted NYSS and defendant Advanced Orthopaedics’ motion to dismiss the complaint as against them pursuant to CFLR 3211 (a) (4), unanimously modified, on the law, to grant plaintiffs motion for summary judgment as against NYSS and, upon a search of the record, Advanced, and it is declared that there is no coverage with respect to the injured defendant’s accident under plaintiffs policy, to deny NYSS and Advanced’s motion to dismiss, and, as to the defaulting defendants other than Advanced, otherwise affirmed, without costs, and the appeal from the denial of plaintiffs motion for a default judgment as against Advanced unanimously dismissed, without costs, as moot.
Although plaintiff was not entitled to a default judgment, because it failed to comply with CFLR 3215 (g) (4) (ii), it demonstrated its entitlement to summary judgment by submitting competent evidence of the mailing of the notices scheduling the injured defendant’s independent medical examinations and of her failure to appear (see Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559 [1st Dept 2011], lv denied 17 NY3d 705 [2011]). Under the circumstances, it was an improvident exercise of discretion to dismiss this action because of two pending Civil Court actions, particularly in favor of Advanced, which had defaulted in this action (see Holubar v Holubar, 89 AD3d 802 [2d Dept 2011]). Concur — Tom, J.P., Acosta, Saxe and Freedman, JJ.